**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA**

GLENN EDWARD JOHNSON, )
                               )
            Plaintiff,          )
                               )
vs.                              )          1:06CV515
                               )
GREENSBORO POLICE        )
DEPARTMENT, OFFICER      )
K.D. STARBORN AND OFFICER   )
J.A. SINK,                  )
                               )
           Defendants.       )

**O-R-D-E-R**

      This matter comes before the court on Defendant Greensboro Police Department's motion to dismiss (docket no. 12). Plaintiff, Glenn Edward Johnson, a prisoner at Brown Creek Correctional Institute, located in Polkton, North Carolina, has filed a *pro se* complaint against Defendants alleging excessive force used during an arrest, purportedly in violation of 42 U.S.C. § 1983.[1] Defendant

---

     [1] 42 U.S.C. § 1983 provides, in relevant part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress, except that in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable.

Greensboro Police Department ("Defendant") has filed a motion to dismiss Plaintiff's claims pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. Plaintiff has filed his opposition to the motion, the parties have consented to the jurisdiction of a magistrate judge and the case has been assigned to me, and this matter is ripe for disposition. For the reasons that follow, the Greensboro Police Department lacks the capacity to be sued; therefore, the court will grant Defendant's motion to dismiss.

**Facts**

According to Plaintiff's complaint, on April 11, 2006, at approximately 5 p.m., Officers Sink and Starborn stopped the Jeep SUV that Plaintiff was operating. *See* Complaint, p. 3. Plaintiff alleges that he stopped at the first side street, making a right-hand turn, when Officer Sink rammed Plaintiff's automobile, causing the automobile to spin around. *Id.* Plaintiff alleges that Officer Sink used his police vehicle to block Plaintiff inside the Jeep and that Officer Sink then pointed his firearm at Plaintiff and ordered Plaintiff to exit the vehicle via the window. *Id.* Plaintiff further alleges that Officer Sink physically pulled Plaintiff out of the vehicle through the open window. *Id.* In addition, Plaintiff alleges that Officer Starborn sprayed pepper spray on Plaintiff. *Id.* Plaintiff alleges that Officers Sink and Starborn "slammed" him on the hood of one of the officer's cars, twisting Plaintiff's arms and then "droppend" [sic] their knees on Plaintiff. *Id.* Plaintiff also alleges that due to Officer Starborn's method of handcuffing, Plaintiff suffers numbness on his right hand and a "perment scare" on his right wrist. *Id.* at 4.

2

**Discussion**

The purpose of a Rule 12(b)(6) motion is to weigh the sufficiency of the complaint, not to determine the actual merits of the action at hand. *See Schatz v. Rosenberg*, 943 F.2d 485, 489 (4th Cir. 1991); *Efird v. Riley*, 342 F. Supp. 2d 413, 419 (M.D.N.C. 2004). When ruling on a motion to dismiss, the court accepts as true a plaintiff's well-pleaded allegations. *McNair v. Lend Lease Trucks, Inc.*, 95 F.3d 325, 327 (4th Cir. 1996). In addition, the court liberally construes the complaint, including all reasonable inferences therefrom, in the plaintiff's favor. *Efird*, 342 F. Supp. 2d at 419.

In general, dismissal under Rule 12(b)(6) is regarded as appropriate only when it is clear that the plaintiff is entitled to no relief under any set of facts that could be proved consistent with the allegations. *Id.* *See also Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984). In other words, the issue before the court on a 12(b)(6) motion is whether the plaintiff is entitled to offer evidence in support of the allegations, not whether the plaintiff will ultimately prevail. *Efird*, 342 F. Supp. 2d at 419.

Defendant asserts that the Greensboro Police Department is an entity that lacks the capacity to be sued. *See* Defendant's Motion to Dismiss, ¶ 1. I agree. Rule 17(b) of the federal rules provides, in relevant part, that a party's "capacity to . . . be sued shall be determined by the law of the state in which the district court is held[.]" FED. R. CIV. P. 17(b). Thus, North Carolina state law determines whether

3

the Greensboro Police Department possesses the capacity to be sued in federal court.  *See Avery v. Burke County*, 660 F.2d 111, 113-14 (4th Cir. 1981).  In general, under North Carolina law, in the absence of a statute providing otherwise, "only persons in being may be sued."  *Coleman v. Cooper*, 366 S.E.2d 2, 5 (N.C. Ct. App. 1988) (affirming summary judgment in favor of the Raleigh Police Department), *overruled on other grounds by Meyer v. Walls*, 489 S.E.2d 880 (N.C. 1997).  In North Carolina, no statute authorizes suit against a city police department such as the Greensboro Police Department.  *Id.  See also Jones v. City of Greensboro*, 277 S.E.2d 562, 576 (N.C. Ct. App. 1981) (observing that the Greensboro Police Department comprises a "component part[] of . . . [a] City . . . and as such lack[s] the capacity to be sued"), *overruled on other grounds by Fowler v. Valencourt*, 435 S.E.2d 530 (N.C. 1993).  Consequently, North Carolina law establishes that a city police department lacks the capacity to be sued.  *See, e.g.*, *Coleman*, 366 S.E.2d at 5. *See also Martin v. Mecklenburg County Park & Recreation Dep't*, No.3:06CV290, 2006 WL 3780418, at *2 (W.D.N.C. Dec. 20, 2006) (unpublished) (noting that "departments of cities cannot be sued alone"); *Dash v. Walton*, No. 1:99CV00350, 2000 WL 1229264, at *2 (M.D.N.C. July 17, 2000) (unpublished) (observing that "North Carolina courts hold that police departments do not have the capacity to sue or be sued"); *Waller v. Butkovich*, 584 F. Supp. 909, 925 (M.D.N.C. 1984) (ruling "that the 'Greensboro Police Department' is not an independent legal entity" separate from the City of Greensboro).

4

## Conclusion

For the reasons stated above, the Greensboro Police Department lacks the capacity to be sued. Accordingly, Defendant's motion to dismiss (docket no. 12) is **GRANTED**. A judgment conforming to this Order will be entered simultaneously herewith. At this juncture, the case against Defendants Starborn and Sink remains active.

_____
Wallace W. Dixon
United States Magistrate Judge

February 7, 2007

5